J. Stephen Werts, OSB No. 74337
E-mail address:  swerts@cablehuston.com
Chad M. Stokes, OSB No. 004007
E-mail address:  cstokes@cablehuston.com
CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
Suite 2000, 1001 SW Fifth Avenue
Portland, OR  97204-1136
Telephone:     (503) 224-3092
Facsimile:     (503) 224-3176
        Of Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>FIVE STAR PROPERTY DEVELOPMENT, LLC,<br><br>    Debtor. | Case No. 09-35708-tmb11<br><br>DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES |

Five Star Property Development LLC, Debtor and Debtor-in-Possession in this Chapter 11 case (collectively "Debtor"), hereby applies for an interim order, in the form attached as Exhibit 1, and a final order, pursuant to Sections 105 and 366 of Title 11 of the United States Code: (a) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, the Debtor on account of pre-petition amounts due; (b) deeming the Utility Providers adequately assured of future payment; (c) approving the Debtor's proposed offer of adequate assurance of payment; (d) determining that the Debtor is not required to provide adequate assurances beyond that proposed in this Motion; and (e) setting a final hearing on this Motion.

In Support of this Motion, Debtor states as follows:

**JURISDICTION AND BACKGROUND**

1.      On July 20, 2009, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2.      Debtor is an Oregon limited liability company that owns and manages a real estate development in Palm Springs, California.  Debtor is in possession of its property and is continuing to operate and manage its real estate development as a debtor-in-possession pursuant to Section 1107 of Title 11 of the United States Code.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

4.      Debtor uses a moderate amount of utility services for heating, cooling and communications services.  To that end, Debtor has electric, gas, telephone, internet and trash service (collectively "Utility Providers").  The services provided by the Utility Providers are essential to the Debtor's business.

**I.**
**RELIEF REQUESTED**

5.      Section 366(a) of the Bankruptcy Code provides that utilities may not discontinue, alter or refuse service to a debtor during the first twenty days of a bankruptcy case.  Upon expiration of the twenty day period, a utility cannot terminate service if a debtor has furnished "adequate assurance of payment" within the meaning of § 366(c)(1)(A) and (c)(2) of the Bankruptcy Code.

6.      By this Motion, the Debtor seeks entry of an interim order:  (a) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of pre-petition amounts due; (b) deeming the Utility Providers adequately assured of future payment; (c) approving the Debtor's proposed offer of adequate assurance of payment; (d) determining that the Debtor is not required to provide adequate assurances beyond

DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

344723.doc

1   that which is proposed by this Motion; and (e) setting a final hearing on Debtor's Motion.

2        7.    Based upon projected cash flow from operations, the Debtor expects to be able to

3   timely pay all post-petition obligations owed to its Utility Providers.

4        8.    Notwithstanding the above, to provide additional assurance of payment to the

5   Utility Providers for future services provided after the Petition Date, the Debtor will deposit an

6   amount equal to two (2) weeks' utility services into its DIP account within 20 days of the

7   Petition Date ("Proposed Adequate Assurance").

8        9.    The Debtor believes that the Proposed Adequate Assurance provides sufficient

9   protection for the Utility Providers. The Debtor estimates that the Proposed Adequate Assurance

10  deposit will be $960.00.

11       10.   The list of Utility Providers and the Proposed Adequate Assurance is as follows:

12            A.    Edison Electric, proposed Adequate Assurance Deposit $300.

13            B.    The Gas Company, proposed Adequate Assurance Deposit $300.

14            C.    Time Warner, proposed Adequate Assurance Deposit $160.

15            D.    Verizon, proposed Adequate Assurance Deposit $150.

16            E.    Palm Springs Disposal, proposed Adequate Assurance Deposit $50.

17                            **II.**
                  **BASIS FOR RELIEF REQUESTED**
18

19       11.   Good cause exists for approval of this Motion.  The relief requested by this

20  Motion protects the Debtor by allowing it to continue its operations while at the same time

21  protecting the Utility Providers by assuring future payment.  The Debtor believes that the

22  Proposed Adequate Assurance provides more than adequate assurance of future payment.  The

23  Debtor anticipates having sufficient resources to pay all valid post-petition obligations for utility

24  services in a timely manner.  In addition, because utility services are essential to the real estate

25  development, the Debtor has an incentive to stay current on its utility obligations.  These factors

26  justify a finding that the Proposed Adequate Assurance is more that sufficient to assure the

Page 3   DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY
         COMPANIES

1  Utility Providers of future payment.

2  ## III.
## REQUEST FOR WAIVER OF STAY

3    12. The Debtor also seeks a waiver of any stay of the effectiveness of the order

4  approving this Motion. Pursuant to Rule 6004(h) of the Bankruptcy Rules, "[a]n order

5  authorizing the use, sale, or lease of property other than cash collateral is stayed until the

6  expiration of ten (10) days after entry of the order, unless the court orders otherwise." As

7  described more fully above, the Proposed Adequate Assurance is necessary to prevent

8  irreparable damage to the Debtor's operations, and its ability to reorganize. Accordingly, the

9  Debtor submits that good cause exists to justify a waiver of the ten (10) day stay imposed by

10  Bankruptcy Rule 6004(h), to the extent it applies.

11  ## IV.
12  ## RESERVATION OF RIGHTS

13    13. Nothing contained herein or in any order from this court is intended to or should

14  be construed as an admission of the validity of any claim against the Debtor, a waiver of the

15  Debtor's rights to dispute any claim, or an approval or assumption of any agreement, contract or

16  lease under § 365 of the Bankruptcy Code.  The Debtor expressly reserves its rights to contest

17  any invoice of a Utility Provider under applicable non-bankruptcy law.

18  ## V.
## RULE 6003 COMPLIANCE

19
20    14. The Debtor seeks approval of this Motion in compliance with Bankruptcy Rule

20  6003.  Pursuant to Bankruptcy Rule 6003, the Court may not grant the relief requested herein

21  except as necessary to avoid immediate and irreparable harm.  As noted above, it is critical that

22  the Debtor continues to receive the services of the Utility Providers to prevent immediate and

23  irreparable damage to the Debtor.   Accordingly, for the reasons set forth herein, the Debtor

24  submits that Bankruptcy Rule 6003 is satisfied.

25
26

Page 4  DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY
COMPANIES

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

344723.doc

1    WHEREFORE, the Debtor respectfully requests that the Court enter (a) the Interim Order

2 substantially in the form attached hereto and (ii) award such other and further relief that the

3 Court deems just and proper.

4

5    DATED this 4th day of August, 2009.

6                                          Respectfully submitted,

7                                          CABLE HUSTON BENEDICT
                                           HAAGENSEN & LLOYD LLP
8

9                                          /s/ Chad M. Stokes
                                           J. Stephen Werts, OSB No. 74337
10                                         Chad M. Stokes, OSB No. 004007
                                           Of Attorneys for Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 5   DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY
         COMPANIES

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 09-35708-tmb11 |
|---|---|
| FIVE STAR PROPERTY DEVELOPMENT, LLC,<br><br>Debtor. | [PROPOSED] INTERIM ORDER PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST THE DEBTOR ON ACCOUNT OF PREPETITION AMOUNTS DUE, AND DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PAYMENT |

THIS MATTER, having come before the court on the Motion of Five Star Property Development LLC, Debtor and Debtor-in-Possession ("Debtor") in this Chapter 11 case, to determine adequate assurance to Utility Providers, and the Court having heard and considered the arguments of counsel and all relevant pleadings, exhibits and documents of record in this case, now therefore the Court hereby finds and concludes:

1.    On July 20, 2009, (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2.    Debtor is an Oregon limited liability company that owns and manages a real estate development in Palm Springs, California.  Debtor is in possession of its property and is continuing to operate and manage its real estate development as a debtor-in-possession pursuant to Section 1107 of Title 11 of the United States Code.

3.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. 157(b)(2).

4.    Debtor uses a moderate amount of utility services for heating, cooling and communications services.  To that end, Debtor has electric, gas, telephone, internet and trash service (collectively "Utility Providers").  The services provided by the Utility Providers are essential to the Debtor's business.

5.    By its Motion, the Debtor seeks entry of an interim order:  (a) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of pre-petition amounts due; (b) deeming the Utility Providers adequately assured of future payment; (c) approving the Debtor's proposed offer of adequate assurance of payment; (d) determining that the Debtor is not required to provide adequate assurances beyond that which is proposed by this Motion; and (e) setting a final hearing on Debtor's Motion.

6.    Section 366(a) of the Bankruptcy Code provides that utilities cannot discontinue, alter or refuse service to a debtor during the first twenty days of a bankruptcy case.  Upon expiration of this stay period, a utility cannot terminate service if a debtor has furnished "adequate assurance of payment" within the meaning of § 366(c)(1)(A) and (c)(2) of the Bankruptcy Code.

7.    Based upon projected cash flow from operations, the Debtor expects to be able to timely pay all post-petition obligations owed to its Utility Providers.  Notwithstanding the above,

to provide additional assurance of payment to the Utility Providers for future services provided after the Petition Date, the Debtor will deposit an amount equal to two (2) weeks' utility services into its DIP account within 20 days of the Petition Date ("Proposed Adequate Assurance").

8.      The Debtor believes that the Proposed Adequate Assurance provides sufficient protection for the Utility Providers. The Debtor estimates that the Proposed Adequate Assurance deposit will be in excess of $ 960.00.

9.      The list of Utility Providers and the Proposed Adequate Assurance is as follows:

A.      Edison Electric, proposed Adequate Assurance Deposit $300.

B.      The Gas Company, proposed Adequate Assurance Deposit $300.

C.      Time Warner, proposed Adequate Assurance Deposit $160.

D.      Verizon, proposed Adequate Assurance Deposit $150.

E.      Palm Springs Disposal, proposed Adequate Assurance Deposit $50.

10.     Debtor argues that good cause exists for approval of its Motion.  The relief requested in Debtor's Motion protects the Debtor by allowing it to continue its business while at the same time protecting the Utility Providers by assuring future payment.  The Debtor believes that the Proposed Adequate Assurance provides more than adequate assurance of future payment. The Debtor anticipates having sufficient resources to pay all valid post-petition obligations for utility services in a timely manner.  In addition, because utility services are essential to the business, the Debtor has an incentive to stay current on its utility obligations. These factors justify a finding that the Proposed Adequate Assurance is more that sufficient to assure the Utility Providers of future payment.

11.     Based on the foregoing, good cause exists to grant the Motion on an interim basis and to enter this Interim Order.

/ / /

/ / /

/ / /

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

12.    Subject to the terms of this Order, the Debtor's Motion to Determine Adequate Assurance to Utility Companies is approved.

13.    The Court grants Debtor's motion (a) prohibiting the Utility Providers from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of pre-petition amounts due; (b) deeming the Utility Providers adequately assured of future payment; (c) approving the Debtor's proposed offer of adequate assurance of payment; (d) determining that the Debtor is not required to provide adequate assurances beyond that which is proposed by this Motion; and (e) setting a final hearing on Debtor's Motion.

14.    The Debtor is ordered to deposit an amount equal to two (2) weeks' utility services into a newly created DIP account within 20 days of the Petition Date ("Proposed Adequate Assurance") as follows:

    A.    Edison Electric, proposed Adequate Assurance Deposit $300.

    B.    The Gas Company, proposed Adequate Assurance Deposit $300.

    C.    Time Warner, proposed Adequate Assurance Deposit $160.

    D.    Verizon, proposed Adequate Assurance Deposit $150.

    E.    Palm Springs Disposal, proposed Adequate Assurance Deposit $50.

15.    A final hearing on the Motion shall be held by the Court in Courtroom _____.

Presented by:

CABLE HUSTON BENEDICT
HAAGENSEN & LLOYD LLP


/s/ Chad M. Stokes
J. Stephen Werts, OSB No. 74337
Chad M. Stokes, OSB No. 004007
Of Attorneys for Debtor

cc:    List of Interested Parties
    *US Trustee
    USTPRegion18.PL.ECF@usdoj.gov

DATED August 4, 2009.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing **DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE TO UTILITY COMPANIES** on:

U.S. Trustee, Portland
E-mail: USTPRegion18.PL.ECF@usdoj.gov

Matthew A. Goldberg
E-mail: mgoldberg@kelrun.com

[X]    by **CM/ECF NOTICE OF ELECTRONIC FILING,** a full, true and correct copy thereof to the party, at the <u>e-mail address</u> shown above, on the date set forth below; and

Alarm Protection Svcs |74804 Joni Dr West #10|Palm Desert, CA 92260
Arnold Zidell |605 Goodhill Rd|Greenbrae, CA 94904
Buster Lawrence |PO Box 581138|North Palm Springs, CA 92258
Contractors Services |PO Box 200|Palm Springs, CA 92263
Custom Window |2727 S. Santa Fe Dr.|Englewood, CO 80110
Dave Stricker |11652 N Island Cove Ln|Portland, OR 97217
Desert Electric Supply |74875 Velie Way|Palm Desert, CA 92260
Desert Pipe & Supply |75200 Merle Dr.|Palm Desert, CA 92211
Edison |Misc Pmt, G-44 GO1|Payment Processing|PO Box 800|Rosemead CA 91771
Energy Management |41-485 Adams St., Unit C|Indio, CA 92203
FIG |777 Tahquitz Way, Ste 200-35|Palm Springs, CA 92262
Frontier Bank, FSB (dba El Paseo Bank) |Market Place|39580 Washington Street|Palm Desert, CA 92211-1152
G & H Pool |68-465 Perez Rd|Cathedral City, CA 92234
G & M Construction |211 West Mesquite Ave|Palm Springs, CA 92264
Grant Chaput |5375 SW Notchez St|Tualatin, OR 97062
Greenberg Traurig |450 S. Orange Ave., Ste 650|Orlando, FL 32801
Joseph Roman |2825 East Tahquity Canyon Way, Ste D-1|Palm Springs, CA 92262
LRS Architects |720 NW Davis, Suite 300|Portland, OR 97209
Larry Cornell |15555 SE Riverforest Dr.|Portland, OR 97267
Len-Tek Inc |PO Box 580|Oregon City, OR 97045
Palm Springs Mirror |34040 Date Palm Dr|Cathedral City, CA 92234
RLP Plastering, Inc |c/o Pacific Business Capital Corp|PO Box 17832|Irvine, CA 92623
Rangal Elect |78451 Emerald Crest Dr|Indio, CA 92203
SAPA |POB 5037|Portland OR 97208-5037
SS&W |PO Box 3160|Palm Springs, CA 92263
Sanborn Engineering |71-780 San Jacinto Dr|Rancho Mirage, CA 92270
Sandstrom Design |808 SW 3rd Ave, Ste 610|Portland, OR 97204
Sandy & Jay Garner |486 SW Bluff Dr|Bend, OR 97702
Steve Smith |814 Lakeshore Rd|Lake Oswego, OR 97034
Thompson Building Materials |PO Box 5406|Orange, CA 92863
Tom & Carol Dement |10408 St. Helens|Vancouver, WA 98664
Will Vintan |1224 SE Riverforest Rd|Portland, OR 97267

[X]    by **MAILING** a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Portland, Oregon, on the date set forth below;

Page 1 -    CERTIFICATE OF SERVICE

\\Netapp01\prolaw_docs\28461\28461.001\344723.doc

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

[]      by **ELECTRONIC NOTIFICATION**; a full, true and correct copy thereof to the party, at the <u>e-mail address</u> shown above, on the date set forth below.

[]      by causing a full, true and correct copy thereof to be **HAND-DELIVERED** to the party, at the address listed above on the date set forth below;

[]      by **FAXING** a full, true and correct copy thereof to the party, at the fax number shown above, on the date set forth below.

DATED August 4, 2009.

/s/ Chad M. Stokes
CHAD M. STOKES, OSB No. 004007
Of Attorneys for Debtor

Page  2 -     CERTIFICATE OF SERVICE                    \\Netapp01\prolaw_docs\28461\28461.001\344723.doc

CABLE HUSTON BENEDICT HAAGENSEN & LLOYD LLP
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176